IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

04 FEB 27 PM 2:38

TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| CHARLES ALLAN FULLINGTON and<br>KATHRINE DAWN FULLINGTON,<br>INDIVIDUALLY AND AS NEXT FRIEND<br>FOR HER MINOR CHILDREN,<br>CHRISTA ANN FULLINGTON and<br>CAITLIN ALYCE FULLINGTON | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| **Plaintiff** | §<br>§ | CIVIL ACTION NO. 2-04CV-75 |
| **VS.** | §<br>§ | |
| **FORD MOTOR COMPANY** | §<br>§ | |
| **Defendant** | §<br>§ | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

### I.

This is a negligence and strict liability action arising out of the serious personal injuries of

Charles Allan Fullington as a result of the negligence and strict liability of Ford Motor Company.

### II.
### Parties

Parties to this suit are:

Plaintiffs:     Charles Allan Fullington, a natural person who resides in Collin County,
                Texas; and

                Kathrine Dawn Fullington, Individually and as Next Friend for her Minor
                Children, Christa Ann Fullington and Caitlin Alyce Fullington.

Defendant:      Ford Motor Company, a foreign corporation licensed to do business in the
                State of Texas who may be served by serving its registered agent for service,
                C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## III.
## Venue

Plaintiff Charles Allan Fullington is a resident of the Eastern District of Texas. Defendant, Ford Motor Company, is a foreign corporation with its principal place of business in some state other than Texas, thereby creating a diversity of citizenship between Plaintiffs and Defendant. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has jurisdiction of this action under 28 U.S.C., Section 1332.Venue of this suit is proper herein under 28 U.S.C., Section 1391, as a substantial part of the property that is the subject of this action is situated within the Eastern District of Texas.

## IV.
## Facts

On or about September 22, 2003, at approximately 6:00 a.m., Charles Allan Fullington was driving a 1999 Ford F-250 pickup truck bearing vehicle identification number 1FTNX21F3XEC04823, northbound on FM 35, approximately 5/10 of a mile east of the city limits of Royse City, Texas. Plaintiff Fullington was operating his vehicle in a careful and prudent manner when suddenly and without warning the 1999 Ford F-250 pickup truck bearing vehicle identification number 1FTNX21F3XEC04823 went out of control on a curve and overturned on the roadway (FM 35). Charles Allan Fullington suffered severe head, brain and other serious and permanent injuries which have left him in a permanent vegetative state.

## V.
## Strict Liability

It was entirely foreseeable to and well known by Defendant Ford Motor Company that accidents involving vehicles such as occurred herein would on occasion take place during the normal and ordinary use of such vehicle. Such accidents and injuries have taken place previously and

---

subsequently and Defendant has been placed on notice of such vehicle propensities by its own crash testing as well as other similar accidents which have been reported to them.

The injuries sustained by Charles Allan Fullington occurred because the 1999 Ford F-250 pickup truck was not reasonably safe and not reasonably safe for its intended use. The 1999 Ford F-250 pickup truck was unreasonably dangerous and defective.

Defendant Ford Motor Company designed, manufactured, marketed, assembled and tested the 1999 Ford F-250 pickup truck such that it was known to be unreasonably dangerous and defective within the meaning of Restatement (Second) of Torts, § 402A and 402B.

Defendant Ford Motor Company is further strictly liable in that they failed to warn or instruct owners and users of 1999 Ford F-250 pickup trucks of the dangers and possibilities of injuries or death should the operator of a 1999 Ford F-250 pickup truck, such as the one involved in this accident, be involved in a relatively minor incident.

Defendant Ford Motor Company is further liable to Plaintiffs under the Restatement (Second) of Torts, § 402B, in that Defendant represented the vehicle to be safe, when, in fact it was unsafe, defective and unreasonably dangerous. Defendant thereby made a material representations as to the safety quality of the vehicle in question and such representations were false.

Plaintiffs allege that the 1999 Ford F-250 pickup truck was defective and unreasonably dangerous for the following reasons:

1. The roof structure of the vehicle in question was not suitable for ordinary use by Charles Allan Fullington, and others similarly situated. The structure was such that it was not reasonably safe and would not protect the occupants of the 1999 Ford F-250 pickup truck in relatively minor rollovers which Defendant Ford Motor Company knew, or should have known, were likely to occur by ordinary and reasonable use of said vehicle;

2.      The vehicle restraint system used in the 1999 Ford F-250 pickup truck, such as the vehicle in question, was defective and unsafe due to the fact that it would not protect drivers such as Charles Allan Fullington, and others similarly situated, in relatively minor rollovers from sustaining serious head injuries;

3.      The design of the 1999 Ford F-250 pickup truck was such that the vehicle was unstable and prone to rollovers which could be caused by ordinary maneuvers such as performed by Charles Allan Fullington, and others similarly situated, which could and did cause, at least in part, the injuries and damages of Plaintiffs.

The foregoing acts and/or omissions of Defendant Ford Motor Company were a producing and/or proximate cause of Plaintiff's damages as set forth herein.

## VI.
## Negligence

Defendant Ford Motor Company was negligent in the design, manufacture, assembly, marketing, and testing of the 1999 Ford F-250 pickup truck in question. The foregoing acts or omissions of Defendant were a proximate cause of Plaintiffs' damages.

The 1999 Ford F-250 pickup truck in question was known to be defective and unreasonably dangerous by Defendant Ford Motor Company in that Ford had knowledge prior to September 22, 2003 due to their testing, or lack thereof, and other complaints, lawsuits, and inquiries concerning the same or substantially similar vehicles, that these vehicles in a entirely foreseeable low speed maneuver would overturn would not maintain crash survival space, would not manage the kinetic energy from the collision to the point to avoid or minimize injuries, and would not properly restrain Charles Allan Fullington, or others similarly situated, and/or pad the vehicle interior properly to avoid any serious or permanent injuries. The roof structure of the 1999 Ford F-250 should be designed to maintain survival space and manage the impact energy. The seatbelts, doors, seats, and windshield glass and other vehicle glass should be designed to manage collision energy and restrain vehicle occupants. The instrument panel and trim coverings should be padded to help manage

impact energy. The seats should be designed to prevent the roof structure from collapsing on the restrained occupant's body. However, in this particular case, one or all of these systems failed to perform as designed, causing, or being a proximate cause and/or a producing cause of Charles Allan Fullington's serious and permanent injuries.

Defendant Ford Motor Company was negligent in its design, manufacture, assembly, marketing and testing of the 1999 Ford F-250 pickup truck in question. Defendant Ford Motor Company failed to do what a reasonably prudent manufacturer would do under the same or similar circumstances. Once it became known to Ford Motor Company that the aforementioned structures (roof structure, restraint system, stability and vehicle control and interior trim and padding, including the seats) were not reasonably safe, Plaintiffs allege that Defendant Ford Motor Company did nothing to warn users of the vehicle in question (1999 Ford F-250 pickup truck) that there was a problem with this particular vehicle regarding the aforementioned systems.

## VII.
## Damages

As a result of the acts/and or omissions of Defendant Ford Motor Company, Plaintiff Charles Allan Fullington suffered the following damages which must be compensated:

a.     Medical expenses, past and future;

b.     Physical impairment, past and future;

c.     Mental impairment, past and future;

d.     Loss of wage earning capacity, past and future;

e.     Pain and suffering, past and future;

f.     Mental anguish, past and future;

g.     Custodial care in a nursing home, past and future;

h.      Twenty-four hour a day, seven days a week nursing care, past and future.

Plaintiffs Kathrine Dawn Fullington, Individually and as Next Friend for her Minor Children, Christa Ann Fullington and Caitlin Alyce Fullington, plead for their loss of consortium as well as the loss of household services of their husband and father, respectively.

## VIII.
### Punitive Damages

Plaintiffs  would show this Honorable Court that the acts or omissions of Defendant were such that when reviewed objectively from the standpoint of the actor at the time of the occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which Ford Motor Company has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety or welfare of Charles Allan Fullington, and others similarly situated, and/or with malice, which was also a proximate cause and/or a producing cause of Plaintiffs' injuries.

PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendant be cited to appear and answer, and that on final trial of this cause, Plaintiffs have judgment for their damages against Defendant, pre-judgment and post judgment interest as provided by law, costs of suit and such other and further relief at law and in equity to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

DAN STROUP, PC
3400 W. Marshall Ave., Ste. 307
Longview, Texas 75604
Telephone: (903)295-2200
Facsimile: (903)295-2171

---

Blake C. Erskine
Marty B. Leewright
ERSKINE & MCMAHON, L.L.P.
521 N 2nd Street
Longview, Texas 75601
Telephone: (903)757-8435
Facsimile: (903)757-9429

BY: _____

DAN STROUP
State Bar No. 19425200

_____

BLAKE C. ERSKINE
State Bar No. 06649000

_____

MARTY B. LEEWRIGHT
State Bar No. 12158150

ATTORNEYS FOR PLAINTIFFS