FILED-CLERK
U.S. DISTRICT COURT

05 JAN 18 PM 4: 18

TX EASTERN-MARSHALL

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES ALLAN FULLINGTON, and | § | |
| KATHERINE DAWN FULLINGTON, | § | |
| INDIVIDUALLY AND AS NEXT FRIEND | § | |
| FOR THEIR CHILDREN, | § | |
| CHRISTA ANN FULLINGTON and | § | |
| CAITLIN ALYCE FULLINGTON, | § | CIVIL ACTION NO. 2-04CV-75 |
| | § | Judge T. John Ward |
| Plaintiffs, | § | |
| | § | |
| VS. | § | (JURY TRIAL) |
| | § | |
| FORD MOTOR COMPANY, | § | |
| | § | |
| Defendant | § | |

## ORDER APPROVING SETTLEMENT AND FINAL JUDGMENT

On January 14, 2005, came on to be heard the above-styled and numbered action wherein Katherine Dawn Fullington, Individually, as Guardian of the Estate and Person of Charles Allan Fullington, and as Next Friend for Minors, Christa Ann Fullington and Caitlin Alyce Fullington ("Plaintiffs") are Plaintiffs and Ford Motor Company is Defendant.

The parties came in person and by and through their respective attorneys of record and made known to the Court that any previously made jury demands are waived, and that all matters of fact and things in controversy are submitted to the Court. The named parties announced to the Court that they had agreed to settle and compromise all issues, claims and causes of action now existing or that may hereafter arise between Plaintiffs and Defendant Ford Motor Company. The total amount of the settlement is confidential, the terms of which are described in a Confidential Compromise Settlement Agreement,

1

Release and Indemnity Agreement, a copy of which was tendered to the Court for an in-camera review but not filed

It is understood and agreed that Plaintiffs, in consideration for the Defendant's agreement to settle this controversy for the sums set forth in the Settlement Agreement, will pay, discharge or indemnify and hold Defendant harmless for any and all outstanding unpaid hospital charges, hospital bills, medical bills, rights of reimbursement or other bills and expenses It was pointed out to the Court that all parties have agreed that if this Order is approved by the Court that neither Plaintiffs, nor anyone claiming by, through or under her will be able to recover anything further of and from Ford Motor Company.

It having appeared to the Court that a potential conflict of interest exists between the adult plaintiff Katherine Dawn Fullington, and minors, Christa Ann Fullington and Caitlin Alyce Fullington in the division of the proceeds of the settlement, the Court has appointed Joy Berry, a practicing attorney in this district, duly licensed and in good standing with the State Bar of Texas, as *Guardian Ad Litem* to represent the interests of Christa Ann Fullington and Caitlin Alyce Fullington; and said *Guardian Ad Litem* has been apprised of all matters of fact concerning this controversy and settlement thereof

After reviewing the pleadings filed in this case, the Court heard evidence touching upon such compromise and settlement agreement, with reference to the material facts regarding the automobile accident, and all matters pertaining to the alleged liability of Defendant and the damages to Plaintiffs, as well as the capacity of the parties to prosecute this action as stated herein. Upon hearing the evidence, the Court is of the opinion that such settlement agreement is in the best interest of Plaintiffs and that the terms of the settlement agreement are in all respects reasonable. It is understood and

agreed by Plaintiffs that the payment of the monies herein described is in settlement of disputed claims, that Defendant has denied liability and continues to deny liability of whatever nature to Plaintiffs. It is further understood and agreed that Defendant herein by this settlement agreement makes no admission of liability to Plaintiffs, nor to any other person, firm, corporation or other entity who did not assert a claim or file a lawsuit against Defendant, but rather that Defendant makes this settlement solely to purchase its peace and to avoid the vexation and expense of further litigation.

Accordingly, the Court makes the following findings and Orders:

The Court finds that Plaintiffs and Defendant Ford Motor Company have satisfactorily compromised and settled all of the issues involved herein.

The Court is of the opinion that the Settlement Agreement executed by Plaintiffs is fair and equitable and that the same should be, and is hereby in all things approved, and the Court hereby specifically finds that the Settlement Agreement is in the best interests of minors, Christa Ann Fullington and Caitlin Alyce Fullington.

The Court further finds that the amounts to be paid in full satisfaction of any and all claims arising from this accident which Plaintiffs have or might ever have against Ford Motor Company its officers, directors, shareholders, owners, agents, servants and employees, and any dealer that sold the subject vehicle, new or used, and that under no legal or equitable theory may they hereafter recover either directly or indirectly any further sums by reason of any new suits, new theories, new or different claims, actions, cross-actions, counter-actions, or third-party actions, or other actions whatsoever, and further that this settlement and Order Approving Settlement and Final Judgment shall

fully bind any different personnel, personal representatives, administrators, guardians, or others representing the person or estate of any of Plaintiffs herein named.

The Court hereby further finds that the minor Plaintiffs' allocation of the sum agreed upon as a compromise settlement figure in this action should be as reflected in the Settlement Agreement between the parties.

The Court further finds that the obligation to make periodic payments described herein may be assigned to Prudential Assigned Settlement Services Corporation and funded by annuity contracts issued by The Prudential Insurance Company of America. In that regard, the Court finds that the requirements of Section 142.008 and 142.009 of the Texas Property Code have been met.

The Court further finds that any payments to be made after the death of a Payee, pursuant to the terms of the agreement between the parties, shall be made to the Estate of the deceased Payee. After the age of majority, each Payee may submit a change of beneficiary in writing to Assignee in a form acceptable to Assignee.

The Court further finds that upon completion of the assignment, Ford Motor Company shall have no further obligation to Plaintiffs, their heirs, and assigns; and the completion of the assignment shall operate as a full and complete release of this Order Approving Settlement and Final Judgment.

The remainder of the agreed upon settlement amounts, as set forth in the Settlement Agreement are to be paid to Plaintiffs and their attorneys.

It is ordered by the Court that Plaintiffs herein do recover from Ford Motor Company the present cash and sums and periodic payments reflected in the Settlement Agreement and as divided above which present cash sums are to be paid at the time this

4
AUS:2526517 1
13486 95900

Order Approving Settlement and Final Judgment is entered, and the Court accordingly orders that no execution or other process ever issue against Defendant Ford Motor Company and that Defendant Ford Motor Company is fully and finally released.

The Court approves the settlement entered into by the parties and finds that the claims of Plaintiffs against Defendant Ford Motor Company should be dismissed with prejudice; and that the claims of Plaintiffs, asserted or which could have been asserted herein against Defendant Ford Motor Company are fully satisfied in all respects, and that no execution shall ever issue herein.

It is a further Order of this Court that all claims filed or which could have been filed by Plaintiffs Katherine Dawn Fullington, Individually, as Guardian of the Estate and Person of Charles Allan Fullington, and as Next Friend for Minors, Christa Ann Fullington and Caitlin Alyce Fullington, against this Defendant are dismissed with prejudice.

It is further ORDERED, ADJUDGED and DECREED that costs of Court incurred herein are taxed against the party incurring same.

It is further ORDERED, ADJUDGED and DECREED that a fee of $ _10,000.00_ for the *Guardian Ad Litem* for the minor children, Christa Ann Fullington and Caitlin Alyce Fullington, is to be paid by Defendant Ford Motor Company.

It further appears to the Court that all sums and costs herein concerned have been fully paid as aforesaid by Defendant Ford Motor Company, and it is accordingly ORDERED, ADJUDGED and DECREED that no execution shall issue hereon, this Order Approving Settlement and Final Judgment being entered as paid and fully satisfied.

It is further ORDERED, ADJUDGED and DECREED that all relief requested or which could possibly be requested by any of the parties hereto which is not herein specifically granted is denied.

SIGNED the __18th__ day of __January__, 2005

_____
T. John Ward
JUDGE PRESIDING

**APPROVED AND AGREED**:

THE LAW OFFICES OF DAN STROUP
3400 W. Marshall Ave., Suite 307, Box 14
Longview, TX 75604
(903) 295-2200
(903) 295-2171 (fax)

By: _____
Dan Stroup
State Bar No. 19425200


ERSKINE & MCMAHON L L P.
521 N. Second
P O. Box 3485
Longview, TX 75606
(903) 757-8435
(903) 757-9429 (fax)

By: _____
Blake C Erskine
State Bar No. 06649000

ATTORNEYS FOR PLAINTIFFS

AUS:2526517 1
13486 95900

BERRY & BERRY, P.C.
111 W. Austin St
Marshall, TX 75670
(903) 938-6044

By: _____
Joy Berry
State Bar No. 00795662

GUARDIAN AD LITEM FOR
MINORS, CHRISTA ANN FULLINGTON
AND CAITLIN ALYCE FULLINGTON AND
FOR CHARLES ALLAN FULLINGTON,
AN INCAPACITATED ADULT



BROWN McCARROLL L.L.P.
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 472-5456
(512) 479-1101 (Fax)


By: _____ by permission by
Julie H. Albright
State Bar No. 16992050

ATTORNEY FOR DEFENDANT
FORD MOTOR COMPANY